Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

TIMTU WOLDEMARIAM, Parent and Guardian of E.K., and E.K., a Disabled Student,

Plaintiffs,

v.

SEATTLE SCHOOL DISTRICT, a Washington Municipal Corporation,

Defendant.

No. 2:18-cv-01825

PLAINTIFFS' MOTION FOR ATTORNEY FEES

**Noted for: February 22, 2019**

## I.   INTRODUCTION

Plaintiff E.K. is a student who is disabled and eligible for special education under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1401 *et seq.* (IDEA). Alleging E.K. was denied a free appropriate public education (FAPE), the parties engaged in Due Process litigation culminating in a Settlement Agreement entered into on November 21, 2018. E.K. and his mother, Timtu Woldemariam, were the prevailing parties in the Due Process Hearing proceeding. Plaintiffs E.K. and Ms. Woldemariam now move this Court for attorney fees pursuant to 20 U.S.C. § 1415(i)(3)(B) and the provisions of the Settlement Agreement, in the amount of $107,607.50. Plaintiffs also seek $1,375.00 to recover fees paid to expert, Jeffrey L.

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 1
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

Needle, for a total of $108,982.50.

## II. EVIDENCE RELIED UPON

Plaintiffs rely on the pleadings filed in this case and the declarations of Susan Mindenbergs, DeShawn Collins, and Jeffrey L. Needle

## III. ARGUMENT OF COUNSEL

**A. Plaintiff E.K. and his mother are the prevailing parties entitled to reasonable fees pursuant to 20 U.S.C. § 1415.**

The IDEA requires exhaustion of administrative remedies. 20 U.S.C. § 1415(l) (for any action under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and related federal statutes, exhaustion of remedies is required). An "impartial due process hearing" is the requisite exhaustion. 20 U.S.C. § 1415(f). Because E.K. was physically abused and assaulted at school and because he was regularly excluded from the classroom denying him a free and appropriate education under the IDEA, he filed a Due Process Request so as not to invite a failure to exhaust administrative remedies challenge and to give him an opportunity to receive compensatory education only available to him under the IDEA in a due process proceeding. The due process proceeding is tantamount to a trial. The proceeding entails pre-litigation investigation, discovery, witnesses preparation, and motion practice all to be completed before litigating the matter in the hearing. This due process proceeding was complicated by the fact that E.K. is a non-verbal autistic student who could not participate in the investigation. E.K.'s parent is an Ethiopian immigrant who has somewhat limited English-speaking skills and requires an interpreter for communications involving legal proceedings. Those complications have increased the amount of time spent by counsel representing E.K. and his parent, Timtu Woldemariam. Nonetheless, the due process proceedings have resolved to the benefit of E.K.

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 2
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

and his parent. As such, E.K. and his mother are the prevailing parties for purposes of attorney fees. Since attorney fees cannot be awarded by the Administrative Law Judge in the due process arena, E.K. and his mother are required to bring the matter to Court for adjudication of the reasonableness of his fee request. *See* 20 U.S.C. § 1415(i)(3) (A-C).

Under the IDEA, "the court, in its discretion, may award reasonable attorney's fees as part of the costs ... to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i) (emphasis added). A prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Parents of Student W. v. Puyallup Sch. Dist., No. 3,* 31 F.3d 1489, 1498 (9th Cir. 1994). A party is "prevailing" where it can "point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), quoted in *Kletzelman v. Capistrano Unified Sch. Dist.,* 91 F.3d 68, 71 (9th Cir.1996). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relations of the parties . . . ." *Tex. State Teachers Ass'n,* 489 U.S. at 792–93.

"[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar v. Hobby,* 506 U.S. 103, 111-112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (a civil rights plaintiff "prevails" when "actual relief on the merits of h[er] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). Rather, a "prevailing party" need only "obtain an enforceable judgment against the defendant from whom fees are sought." *Id.* at 113–14. As such, a prevailing party need not succeed on all issues, but only on "any significant issue." *Parents of Student W. v.*

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 3
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

*Puyallup School District No. 3,* 31 F.3d 1489, 1498 (9th Cir. 1994). Moreover, a prevailing party need not achieve all of the relief claimed, but merely "some of the benefit the parties sought in bringing the suit." *Id.*

Here, Ms. Woldemariam requested a Due Process Hearing as required by the IDEA in March 2018. The hearing was scheduled to commence on November 29, 2018. It is estimated the hearing would last at least four court days. At the hearing, Ms. Woldemariam would have sought approximately $9,000.00 in transition services for E.K. plus on-going psychological therapy for a time uncertain – to be determined by Administrative Law Judge Matthew Wacker. (expert report of expert witness Jamie Buchholz., Mindenbergs Decl., Exhibit A). The District has indicated that it would challenge E.K.'s recovery for psychological therapy inasmuch as it is not "compensatory education" available under the IDEA.

On November 16, 2018, Seattle School District made an Offer of Settlement to resolve the issues raised in the Due Process Hearing request in Seattle School District Special Education Cause No. 2018-SE-0024. On November 21, 2018, Ms. Woldemariam accepted the District's settlement offer, which contained a monetary amount of $15,000.00 and the following phrase: "plus reasonable attorney fees . . . as determined by a court." Any judgment for compensatory education made by the Administrative Law Judge could not have exceeded the $15,000.00 offer made the District. Therefore, it was in E.K.'s best interest to accept the offer and move for fees pursuant to the order of the Office of Administrative hearing and as determined by this Court. See Order of Dismissal, which includes Offer of Judgment. Mindenbergs Decl., Exhibit D.

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 4
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

### B. Attorney fees need not be proportionate to damages.

The United States Supreme Court has rejected the notion that attorney fees in civil rights cases should be proportionate to the amount of damages plaintiffs recover. *Fair Housing of Marin v. Combs,* 285 F.3d 899, 908 (9th Cir. 2002) (upholding attorney fees several times more than the compensatory and punitive damages awarded) (*citing City of Riverside v. Rivera,* 477 U.S. 561, 577, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)).

In *City of Riverside*, the Court acknowledged that 42 U.S.C. § 1988 was enacted to encourage private attorneys general in civil rights lawsuits, and that Congress did not intend the recovery of fees to depend upon substantial monetary damages. This statute was enacted "specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible for them to do so." 477 U.S. at 577 (citing legislative history). The inability to vindicate constitutional rights due to a lack of resources damages the entire nation and not just the individual citizen.

*Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.* Rather, Congress made clear that it intended that the amount of fees awarded under [Section 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases, and not be reduced because the rights involved may be nonpecuniary in nature. Senate Report at 6 (emphasis added).

*City of Riverside* at 575 (emphasis added). "Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 5
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

reflected in nominal or relatively small damages awards." *Id.* at 574. In this case, E.K.'s civil rights as a disabled student were vindicated and have been restored. The offer of judgment was several thousand dollars more than he would have sought for compensatory education, which is the only remedy available at the Due Process Hearing level. This award is a significant social and educational benefit for E.K.

It is anticipated that Seattle School District will oppose the amount Plaintiffs seek in their petition for fees. But here, the District litigated this case tenaciously and continues to do so. "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Id.* at 581.

**C. Plaintiffs are entitled to reasonable fees.**

    **1.    Calculation of the Lodestar Amount.**

Once the entitlement to fees is established, the Court needs to determine the amount of fees to be awarded. Generally, in determining the amount to be awarded, the reasonable hours expended multiplied by a reasonable hourly rate is the most useful starting point. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[5]

---

[5] See also *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible"); *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1211 (9th Cir. 1986) ("it remains important for the district court to provide 'a concise but clear explanation of its reasons for the fee award'").

[6] Factors to be considered are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances, (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client (12) awards in similar cases, and (13) the complexity and importance of the case in its posture on appeal. *Kerr*, 526 F.2d at 70.

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 6
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

When determining the reasonableness of fees, the District Court must apply certain factors enumerated by the 5th Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors need not be discussed specifically. It is sufficient that the record show that the court considered the factors called into question by the case at hand and necessary to support the reasonableness of the award. *Rivera, supra*, at 796-797.[6]

### 2. Paralegal services are recoverable at market rates.

A prevailing Plaintiff may recover for the market rate paid to paralegals. See *Missouri et al. v. Jenkins*, 491 U.S. 274, 289, 109 S.Ct. 2463 (1989) ("By encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours 'encourages cost-effective delivery of legal services and, by reducing the spiraling cost of civil rights litigation, furthers the policies underlying civil rights statutes'"); *D-Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1387 (9th Cir. 1990) ("The Supreme Court has recently stated that a reasonable attorney's fee includes the work of attorneys and support staff, such as paralegals "whose labor contributes to the work product""). In this case, the utilization of paralegal services significantly diminished the amount of attorney time otherwise billable. Ms. Collins holds both a J.D. and an L.L.M. She is eminently qualified to perform thorough and competent paralegal services in an expeditious manner.

### 3. Reasonable Hourly Rate.

The hourly rates to be applied are generally those rates in the legal community where the claim is tried. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir.), *cert. denied*, 502 U.S. 899 (1991). The determination of what hourly rate is reasonable is not made in reference

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 7
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

to the rates actually charged by the prevailing party. *Chalmers*, 796 F.2d at 1210. Rather, the court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id*. at 1210-11. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

In this case, the hourly rate of $425.00 per hour charged by Susan Mindenbergs is reasonable. *See* Declaration of Jeffrey L. Needle. Plaintiffs' counsel bills for paralegal services at the rate of $175.00 per hour. That rate is reasonable in the community. *Id*.[1]

### 4. Number of Hours Expended.

In this case, Plaintiffs' counsel has logged 213.50 hours to litigate Plaintiffs' claims. Ms. Mindenbergs' paralegal logged 96.4 hours. Mindenbergs Decl., ¶ 13, Exhibit B. The time spent prosecuting this lawsuit necessarily precluded gainful employment in other legal matters. Many hours of legal work, including research, meetings, telephone calls, correspondence, and email communications have not been recorded. The number of hours Ms. Mindenbergs spent on this case is reasonable. *Id*.[2]

---

[1] On September 8, 2016, The Honorable Hollis Hill awarded Ms. Mindenbergs $400 an hour plus a 1.25 multiplier for a total of $500 per hour for Ms. Mindenbergs' representation of 23 East African immigrant employees who had been subjected to race discrimination in the workplace. *Moba v. Seattle Freight, et al.*, Case No. 15-2-02916-9 SEA Mindenbergs Decl., ¶ 16.

[2] On May 22, 2014, the Honorable Ronald B. Leighton awarded plaintiffs represented by Ms. Mindenbergs $184,833.20 for costs and fees in a Due Process Hearing action for fees brought under 20 U.S.C. § 1415(i)(3)(B). In that case, the matter was litigated in a six-day hearing that resulted in a finding that the respondent school district denied the disabled student FAPE. The Administrative Law Judge found the student prevailed on some of the substantive violation allegations, but did not prevail on the procedural violations or a retaliation claim.

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 8
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

### D. Plaintiffs are entitled to recover for all claims that have the same common core of facts.

In many civil rights cases, plaintiffs will bring lawsuits alleging numerous causes of action under both federal and state law. It is clear that where there exists a common core of facts based upon related legal theories, plaintiff may recover a complete lodestar even if he did not prevail on every contention raised. When a plaintiff does not prevail on a claim that is "distinct in all respects from his successful claims," then the hours spent on the unsuccessful claim must be deducted from the fee award. *Id*. If, however, the claims are related, then "a plaintiff who has won substantial relief should not have his attorney fee reduced simply because the district court did not adopt each contention raised." *Id.*; *Lovell By and Through Lovell v. Poway Unified School Dist.*, 79 F.3d 1510, 1519 (9th Cir. 1996) (emphasis added).

> To determine whether the claims are related, the district court should focus on whether the claims on which Plaintiff did not prevail "involve a common core of facts *or* are based on related legal theories." *Id.* (emphasis in original) (citation omitted). To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims. However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims.

*Thomas v. City of Tacoma,* 410 F.3d 644, 649 (9th Cir. 2005).

Plaintiffs were seeking both compensatory education and therapeutic counseling. The settlement amount of $15,000 exceeds the expert's calculation of costs for compensatory education needed to remediate the loss of FAPE by approximately $6,000. As such, E.K.

---

Nonetheless, Judge Leighton awarded the disabled student and her mother their full request for attorney fees and costs with no deductions. Mindenbergs Decl., ¶ 15, Exhibit C.

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 9
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

prevailed on all significant issues entitling him to his full award of attorney fees.  See *Parents of Student W.*, 31 F.3d at 1498 (9th Cir. 1994).

E.  **Summary of fees and costs.**

| Name | No. of Hours | Rate | Total |
|---|---|---|---|
| Susan Mindenbergs | 213.50 | $425.00 | $90,737.50 |
| DeShawn Collins | 96.40 | $175.00 | $16,870.00 |
| Jeffrey L. Needle | 2.75 | $500.00 | $ 1,375.00 |
| **TOTAL** | | | $108,982.50 |

The declarations of counsel and those of expert Jeffrey Needle in support of Plaintiffs' request for attorney fees are attached hereto.

## IV.   CONCLUSION

As the prevailing party, Ms. Woldemariam and her son, E.K., are entitled to the fees and incurred by their counsel in the amount of $107,607.50.  The offer of judgment did not allow for reimbursement of costs, so the costs will come out of the fee award.  However, Plaintiffs do seek reimbursement for the fees incurred by Jeffrey L. Needle in the preparation of his declaration to assist the Court in its deliberations in this matter.  Mr. Needle's fees amount to $1,375.00.  The total request for fees is $108,982.50.

Respectfully submitted this 7th day of February 2019.

s/ *Susan B. Mindenbergs*
Susan B. Mindenbergs, WSBA No. 20545
Attorney for Plaintiffs
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Fax: (206) 447-1523
Email: smindenbergslaw@juno.com

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 10
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

# CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| *Attorneys for Defendant*<br>David Hokit, WSBA No. 13512<br>Sam Chalfant, WSBA No. 46080<br>Curran Law Firm<br>555 West Smith Street<br>PO Box 140<br>Kent, WA 98035<br>Tel: (253) 852-2345<br>Email: DHokit@curranfirm.com<br>Email: Schalfant@curranfirm.com | ☐ Via Legal Messenger<br>☐ Via Facsimile<br>☐ Via Electronic Mail<br>☐ Via U.S. Mail<br>X Via Electronic Filing/Eservice |

The foregoing statement is made under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7th day of February 2019.

                                               *s/ DeShawn Collins*
                                               DeShawn Collins, Paralegal
                                               Law Office of Susan B. Mindenbergs
                                               705 Second Avenue, Suite 1050
                                               Seattle, WA 98104
                                               Telephone: (206) 447-1560
                                               Fax: (206) 447-1523
                                               Email: deshawn.smlaw@gmail.com

PLAINTIFFS' MOTION FOR ATTORNEY FEES - 11
Case No. 2:18-CV-01825

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
705 SECOND AVENUE, SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523