Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TIMTU WOLDEMARIAM, Parent and Guardian of E.K., and E.K., a Disabled Student,<br><br>        Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT,<br>a Washington Municipal Corporation,<br><br>        Defendant. | No. 2:18-cv-01825<br><br>**DECLARATION OF JEFFREY NEEDLE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES** |

JEFFREY NEEDLE does hereby declare and certify under penalty of perjury under the laws of the State of Washington that the following is true and correct and from my personal knowledge.

1. I am an attorney licensed to practice law in the State of Washington, U.S. District Court, Eastern and Western Districts, the U.S. Court of Appeals for the Ninth Circuit, and the U.S. Supreme Court.

Declaration of Jeffrey Needle In Support
of Plaintiffss' Motion for Attorney Fees - 1
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

2. I graduated from American University School of Law in 1972. I was on the law review staff and editor of the school law journal.

3. I have been in private practice for approximately thirty-nine years. During that period of time I have specialized in civil rights and employment discrimination litigation. Approximately 90 percent of my practice has been devoted to the litigation of civil rights and employment law cases. I have litigated in both state and federal court through trial and in appellate courts at all levels. *E.g. Burnside v. Simpson Paper*, 66 Wn. App. 510, 832 P.2d 537 affirmed, 123 Wn.2d 93 (1994) (age discrimination and implied contract); *Lucas v. J.C. Penny*, WDW, Cause No. C93-1804C (9th Cir. 1996) (race harassment and negligent infliction of emotional distress – affirmed by the Ninth Circuit, unpublished); *Redmon v. Air Industries Corporation*, WDW, Cause No. C95-482 WD (1997)(whistleblower, wrongful discharge); *Woods v. Graphic Communications Union*, 925 F.2d 1194 (9th Cir. 1991)(racially hostile work environment, outrage, failure of duty of fair representation); *Wollert v. Rent A Center*, King County Cause No. 91-2-16364-2 (retaliation under state and federal law for assisting in race discrimination claim); *McGinnis v. Kentucky Fried Chicken*, 42 F.3d 1273 (9th Cir. 1994) (disability discrimination, punitive damages*); Ude v. Diamond Parking*, King County Cause No. 95-2-18888-5 SEA (1998) (race discrimination, punitive damages); *Swinton v. U.S. Mat*, 270 f.3d 794 (9th Cir. 1999) (racially hostile work environment, punitive damages); *Chen, et al. v. King County, et al.*, WDW Cause No. CV-00987MJP (2009) (First Amendment); *Cole v. Harveyland*, 163 Wn. App 199, 258 P.3d 70 (2011) (disability discrimination, retaliation); *Sawyer v. Automotive Equipment & Supply, et al.*, King County Cause No. 09-2-31246-0 SEA (wage and hour, wrongful discharge); *Peterson v. National Securities Technologies*, EDW

Declaration of Jeffrey Needle In Support
of Plaintiffss' Motion for Attorney Fees - 2
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

Cause No. CV-12-5025-TOR (2013) (race, retaliation); *Moba, et al., v. Seattle Freight, et al.,* King County Cause No. 15-2-02916-9 SEA (2016)(race harassment).

I have appeared as amicus curiae in dozens of appellate cases in both state and federal courts, including the U.S. Supreme Court: *Staub v. Proctor Hospital,* 562 US 647, 131 S. Ct. 1186, 179 L. Ed. 2d 144 (2011) (proximate cause standard to be applied for "cat's paw" liability); *Gross v. FBL Financial Services,* 557 US 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)(standard of liability under ADEA); *Costa v. Desert Palace,* 539 US 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)(use of "motivating factor" standard under Title VII); *Collins v. Harker Heights,* Tex., 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)(Amicus for AAJ - deliberate indifference under 42 U.S.C. Section 1983); *Kolstad v. American Dental Association,* 119 S.Ct. 2118 (1999)(Amicus for AAJ - Punitive damages under Title VII); *Chavez v. Martinez,* 538 US 760, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003) (application of qualified immunity under 42 U.S.C. Section 1983).

The following is a partial list of state cases in which I have appeared as amicus curiae: *Martin v. Gonzaga University,* 191 Wn. 2d 712, 425 P. 3d 837 (2018) (*Thompson* framework applies to public policy tort when the claim fits into one of the four traditional categories of wrongful discharge); *Rose v. Anderson Hay and Grain Co.,* 184 Wn. 2d 268, 358 P. 3d 1139 (2015) (strict adequacy not required to satisfy the jeopardy element of the public policy tort); *Chavez v. Our Lady of Lourdes Hospital,* 190 Wn. 2d 507, 415 P.3d 224 (2018) (class action standards under CR 23); *Cornwell v. Microsoft,* S.Ct. No. 94846-1 (Wash. 2018) (Plaintiff need only prove that defendant "knew of suspected" of protected activity); *Karstetter v. King Cty. Corr. Guild,* 1 Wn. App. 2d 822, 407 P.3d 384 (2017), *review granted,* 190 Wn.2d 1018 (2018)

Declaration of Jeffrey Needle In Support
of Plaintiffss' Motion for Attorney Fees - 3
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

(whether an attorney may recover damages for breach of contract and wrongful discharge consistent with the Rules of Professional Conduct); *Zhu v. North Educational School Service District,* 189 Wn.2d 607, 404 P.3d 504 (2017) (WLAD states a claim for retaliation against prospective employer for protected activity in prior employment); *Sprague v. Spokane Valley Fire Dep't,* 187 Wn..2d 1031, 399 P.3d 1104 (2017) (religious proselyting protected by the First Amendment); *Scrivener v. Clark College,* 181 Wn. 2d 439, 334 P. 3d 541 (2013) (the "substantial factor" standard does not require proof of pretext; stray remark doctrine inapplicable under WLAD); *Ockletree v. Franciscan Health System,* S.Ct. No. 88218-5 (02/06/2014) (religious exemption under the WLAD is unconstitutional as applied to employees who perform no religious duties); *Weiss v. Lonnquist,* 173 Wn. App. 344, 293 P. 3d 1264 (2013) (jeopardy element of public policy tort does not apply to internal complaints about violations of the Rules of Professional Conduct); *Hill v. Garda Cl Northwest, Inc.*, 176 Wn.2d 1010, 297 P. 3d 706 (2013) (provision of collective bargaining agreement requiring pre-dispute mandatory arbitration were unconscionable under Washington law); *Anfinson v. Fedex Ground Package System,* 174 Wn. 2d 851, 281 P. 3d 289 (2012) ("economic realities" test applies to mis-classification of employees under Washington MWA); *Cudney v. Alsco, Inc.,* 172 Wn. 2d 524, 259 P. 3d 244 (2011)(application of the jeopardy element of public policy tort to driving under the influence and WISHA regulations); *White v. State of Washington,* 131 Wn.2d 1, 929 P.2d 396 (1996)(First Amendment and public policy wrongful discharge claim); *MacKay v. Acorn Custom Cabinetry,* 127 Wn.2d 302, 898 P.2d 284 (1995) ("substantial factor" standard established in state discrimination cases - amicus for WELA); *Griffin v. Eller,* 130 Wn.2d 97 (1996)(eight or less jurisdictional limitation under state law- Amicus for WELA); *Hill v. BCTI,* Supreme Court No.

Declaration of Jeffrey Needle In Support
of Plaintiffsss' Motion for Attorney Fees - 4
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

68783-8 (2000)(pretext plus - amicus for WELA); *Ellis v. City of Seattle,* Supreme Court No.68252-6 (2000)(public policy tort - reasonable belief standard - amicus for WELA); *Snyder v. Medical Services Corp.,* Supreme Court No. 69091-0 (2001)(Amicus for WELA - meaning of disability under state law); *Brown v. Safeway,* Supreme Court No. 69067-7 (2001) (amicus for WELA - individual liability under state law against discrimination); *Bulman v. Safeway,* Supreme Court No. 68670-0 (2001) (amicus for WELA - reliance on employer's policies); *State v. Barber,* 118 Wn.2nd 335, 823 P.2d 335 (1992)(amicus for ACLU-racial incongruity cannot be considered in probable cause determination); *Reid v. Pierce County,* 136 Wn.2d 195, 206, 961 P.2d 333 (1998) (amicus for ACLU - common law privacy); *Benjamin v. WSBA,* 138 Wn.2d 506, 515, 980 P.2d 742 (1999)(alleging wrongful discharge in violation of First Amendment rights and constitutional tort - amicus for ACLU); *Ermine v. City of Spokane,* Supreme Court No. 69680-2 (2001) (amicus for ACLU - reasonable attorney fees where nominal damages recovered).

4. I was on the Board of Governors of the American Association for Justice (formerly Association of Trial Lawyers of American) from 1993 until 1997. I am past Chairman of AAJ's Civil Rights Section and Employment Rights Section. I am past Chair of AAJ's Section Leaders' Council. I was the Chairman of the Civil Rights Section of the Washington State Association for Justice (formerly Washington State Trial Lawyers Association) from 1986 to 1992. I am Chair of the Washington Employment Lawyers' Association (WELA) Amicus Committee, (1997-present) and also serve on the AAJ Amicus Committee (1998-present). I also serve on the Amicus Advisory Council of the National Employment Lawyers Association (2005-present). I also served on the ACLU of Washington Legal Committee (1983-2017).

Declaration of Jeffrey Needle In Support of Plaintiffss' Motion for Attorney Fees - 5
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

5. I have published approximately 40 columns on various civil rights issues in the *Trial News*, a publication of the Washington State Association for Justice. I have also written civil rights related book reviews and articles on punitive damages and qualified immunity in civil rights cases for *Trial Magazine*, the publication of AAJ.

6. Because of my frequent consultations with other attorneys practicing civil rights in Western Washington, I am extremely familiar with the hourly rates charged by those attorneys and the number of hours that it generally takes for the purpose of litigating a civil rights case.

7. The enforcement of constitutional or civil rights relies almost exclusively upon the efforts of private trial lawyers. In recognition of their responsibility to the quality of civil rights, many trial lawyers selflessly donate their time and effort. But reliance upon the pro bono efforts of trial lawyers will not entirely suffice to enforce civil rights. Private trial attorneys who accept their social responsibility to vindicate civil rights in cases with insubstantial damages are performing a substantial public service. Those attorneys act and were intended to act as private attorney generals. The benefits of the litigation they bring transcend the benefits to an individual Plaintiffs. It confers benefits to the entire society by vindicating civil rights and holding public officials accountable to the rule of law.

8. In preparation for this declaration I have discussed the case with Ms. Mindenbergs, who has summarized for me the facts and legal issues. I reviewed the following documents:

    A.    Plaintiffs' Motion for Attorney Fees;

    B.    Declaration of Susan Mindenbergs in Support of Attorney Fees;

    C.    Witness List

    D.    Time line of events;

Declaration of Jeffrey Needle In Support of Plaintiffss' Motion for Attorney Fees - 6
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

E. Amended Due Process Hearing Request;

F. Seattle Public Schools' Response to Amended Due Process Complaint;

G. Abbreviated expert report;

H. Motion and Order to Approve Settlement;

I. Order of Dismissal.

9. Based on the foregoing, I have concluded that 1) that case was a claim under the Individuals with Disabilities Education Act, 42 U.S.C. §§ 1401 *et seq.* (IDEA) where a student was allegedly physically abused and routinely excluded from school; 2) Plaintiffs litigated the case thoroughly employing written and deposition discovery; 3) an offer of judgment was made on November 16, 2018, which was accepted by Plaintiffs; 4) the Administrative Law Judge included the terms of the offer of judgment in his final order; 5) E.K. is a non-verbal autistic student; 6) E.K.'s parent is of Ethiopian descent and has limited English-speaking skills; 7) Susan Mindenbergs agreed to take this case on a contingency fee basis with the clear understanding that the client could not advance payment of fees; 8) Ms. Mindenbergs had to hire interpreters to communicate with E.K.'s parent throughout the litigation; and 9) Plaintiffs are the prevailing party and entitled to recover reasonable attorney fees and costs.

10. I have been asked to give an opinion concerning whether Plaintiffs' counsel's requested hourly rate is reasonable and whether the number of hours is reasonable. Ms. Mindenbergs' usual billing rate of civil rights cases is $425 per hour and her paralegal's rate is $175 per hour. I have known Ms. Mindenbergs professionally for approximately 29 years. I have served on the WELA Board of Directors with Ms. Mindenbergs; we have co-authored amicus briefs and have co-counseled a number of civil rights cases. I am extremely familiar with

Declaration of Jeffrey Needle In Support
of Plaintiffss' Motion for Attorney Fees - 7
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

her level of expertise, knowledge, and commitment to promoting civil rights. Her requested rate of $425 an hour is reasonable compared to other attorneys in the Western District of Washington with similar expertise and ability. From my work with Ms. Mindenbergs I am also familiar with DeShawn Collins, her paralegal. Ms. Collins holds a Juris Doctorate and an LLM. Based on her education level and her actual experience, in my opinion, Ms. Collins' requested rate of $175 per hour is likewise reasonable and within the range charged by paralegals in Western Washington with comparable expertise.

11. Ms. Mindenbergs recorded her attorney fees contemporaneously. She recorded 213.50 hours and her paralegal logged 96.4 hours. I have reviewed her contemporaneous time sheets and the hours recorded appear to be within a reasonable range for the work claimed. The number of hours logged by Ms. Mindenbergs and her paralegal are reasonable given the complexity of the factual and legal issues, and the amount of briefing required.

12. My hourly rate is $500 per hour. I have spent 2.75 hours reviewing documents and preparing this declaration.

Executed this 7th day of February 2019, at Seattle, Washington.

_____
JEFFREY NEEDLE, WSBA 6346

Declaration of Jeffrey Needle In Support
of Plaintiffss' Motion for Attorney Fees - 8
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| *Attorneys for Defendant* | |
|---|---|
| David Hokit, WSBA No. 13512 | ☐ Via Legal Messenger |
| Sam Chalfant, WSBA No. 46080 | ☐ Via Facsimile |
| Curran Law Firm | ☐ Via Electronic Mail |
| 555 West Smith Street | ☐ Via U.S. Mail |
| PO Box 140 | X Via Electronic Filing/Eservice |
| Kent, WA 98035 | |
| Tel: (253) 852-2345 | |
| Email: DHokit@curranfirm.com | |
| Email: Schalfant@curranfirm.com | |

The foregoing statement is made under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7th day of February 2019.

s/ DeShawn Collins
DeShawn Collins, Paralegal
Law Office of Susan B. Mindenbergs
705 Second Avenue, Suite 1050
Seattle, WA 98104
Telephone: (206) 447-1560
Fax: (206) 447-1523
Email: deshawn.smlaw@gmail.com

Declaration of Jeffrey Needle In Support of Plaintiffss' Motion for Attorney Fees - 9
Case No. 2:18-cv-01825

JEFFREY L. NEEDLE
ATTORNEY AT LAW
705 SECOND AVENUE,
SUITE 1050
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523