UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMTU WOLDEMARIAM, parent and guardian of E.K., and E.K., a disabled student,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE SCHOOL DISTRICT, a Washington municipal corporation,<br><br>Defendant. | Case No. C18-1825RSM<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiffs E.K. and Timtu Woldemariam's Motion for Attorney's Fees, brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1401 *et seq*. Dkt. #8. Plaintiffs seek a total of $108,982.50 in fees. Defendant Seattle School District acknowledges that reasonable attorney's fees are awardable here but challenges the hourly rate and number of hours requested by Plaintiffs. Dkt. #13.

A court, in its discretion, may award reasonable attorneys' fees to a parent that prevails in an IDEA case. 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 300.517(a)(1). To be entitled to attorneys' fees, a plaintiff must: (1) be a prevailing party; and (2) seek reasonable fees. *Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). "The [fee] applicant has an initial burden of production," to produce "satisfactory evidence" that the fee requested is

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS - 1

reasonable." *Beauchamp v. Anaheim Union Sch. Dist.*, 816 F.3d 1216, 1224–1225 (9th Cir. 2016) (quoting *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir.2015)). The process for determining a reasonable attorney fee amount begins with the court identifying a "lodestar" by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate. *Harris v. Nenana City Pub. Sch.*, 50 F.3d 14 (9th Cir. 1995). Fees awarded under this statute "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," and "[n]o bonus or multiplier may be used in calculating the fees awarded under this subsection." 20 U.S.C. § 1415(i)(3)(C). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

As an initial matter, the Court agrees with the parties that attorney's fees are awardable in this case, as Plaintiffs were the prevailing parties for purposes of the applicable statute. *See* 20 U.S.C. § 1415.

The Court will next address the requested hourly rate. The Court finds that the hourly rates of $425 for attorney Susan Mindenbergs is not supported with sufficient evidence of "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." Ms. Mindenbergs cites the declaration of attorney Jeffrey Needle in support of her requested rate. The Court agrees with Defendant that "Mr. Needle only provides a broad opinion that $425 is a reasonable hourly rate when compared with other attorneys in Western Washington with similar expertise and ability," and that he does not "indicate that he has any experience litigating special education claims under the IDEA in an

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS - 2

administrative forum, nor that he has any familiarity with the prevailing rate charged for this type of work." Dkt. #13 at 6–7. Defendant provides declarations of three attorneys practicing in this field who state the prevailing rate for special education litigation in Western Washington is between $175 and $300 per hour. Dkt. #14-5. Defendant also cites to three cases in this Court where rates of $250, $180-200, and $375 were found to be reasonable for this kind of work. *Id.* at 6. The $375 number comes from a 2014 case where Judge Leighton found that Ms. Mindenbergs' charged rate of $375 was reasonable, however in that case the rate was not challenged by the defendant. Case No. 3:13-cv-05488-RBL, Dkt. #26 at 4. The Court finds that Defendant is the only party who has submitted adequate evidence of a reasonable rate, and that rate ranges from $175 and $300 per hour. However, the Court is mindful of Ms. Mindenbergs' argument that her rate is based on working on contingency, *see* Dkt. #16 at 3–4. Given all of the above, the Court finds that a rate of $300 per hour is reasonable in this case.

The Court similarly finds that the requested rate of $175 for Plaintiffs' paralegal is not adequately supported by Plaintiff. Defendant is correct that the rate of $175 is creeping toward the rates awarded to attorneys. *See* Dkt. #13 at 7. The Court will award the rate of $150 as requested by Defendant.

The Court next turns to the hours requested. Counsel has attached detailed timesheets outlining all time entries in this case, with fees totaling $90,737.50 for attorney time and $16,870 for paralegal time. Dkts. #9-2 and #11-1. There are no block-billed entries, and there are no clerical tasks billed as attorney tasks. However, the Court agrees with Defendant's assessment that the billing of over 50 hours for legal research tasks is excessive considering Ms. Mindenbergs' claimed skill and experience. *See* Dkt. #13 at 9. Accordingly, the Court will reduce these hours by roughly half—25 hours. This reduced number is more consistent

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS - 3

with Defendant's legal research and the Court's expectation for Plaintiffs' counsel's needs in a case such as this. Defendant is also correct that Plaintiffs may not be awarded fees associated with the actual time spent participating in resolution sessions, *see* 20 U.S.C. § 1415(i)(3)(D)(iii), and will reduce the bill by another 5 hours. The remainder of Defendant's argument for reducing the total number of hours are speculative and without merit.

The Court declines to reduce the loadstar amount by 50 percent given the "success" of Plaintiffs' case, as requested by Defendant.

The Court declines to award $1,375.00 for the opinion of Mr. Needle as this declaration was found to be insufficient evidence to support this Motion.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Attorneys' Fees, Dkt. #44, is GRANTED IN PART. The Court awards 183.5 hours for attorney time at a rate of $300 and 96.4 hours of paralegal time at a rate of $150, totalling $55,050 and $14,460, respectively. Defendant Seattle School District shall pay Plaintiffs $69,510 in attorney's fees.

DATED this 2 day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE